IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROCKY SELF | § | |
| v. | § | CIVIL ACTION NO. 9:06cv248 |
| | | (Crim. No. 9:05cr11) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Rocky Self, proceeding *pro se*, filed this motion to vacate or correct his sentence complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Self was convicted of bank robbery and use and carrying a firearm in relation to a crime of violence on November 20, 2005, receiving a sentence of 271 months in prison. He did not take a direct appeal. In his Section 2255 motion, Self raises four grounds for relief, including allegations of ineffective assistance of counsel, two complaints of improper enhancement of his sentence, and breach of the plea agreement.

The Magistrate Judge ordered the Government to answer Self's motion, and the Government has filed a motion to dismiss saying that Self's claims were barred by the waiver of appeal provision contained in the plea agreement. Self did not file a response to the motion.

After the Government filed its motion to dismiss, the Fifth Circuit Court of Appeals handed down a decision called United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). In this case, the movant Timothy Tapp contended that trial counsel rendered ineffective assistance by failing to timely file a notice of appeal. The district court held that this argument was unavailing because Tapp had waived his appeal rights, but the Fifth Circuit disagreed, saying that if the petitioner was able to

1

demonstrate that he requested an appeal, prejudice would be presumed and he would be allowed to file an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal which would not be precluded by the terms of the appeal waiver.

After review of the pleadings, the Magistrate Judge concluded that Self plausibly argued that he wished to file a direct appeal, and so should be granted the right to take one. Self has responded to the Report by filing a notice of appeal and request for appointment of counsel, which shall be addressed separately. Neither party filed objections; accordingly, they are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings and the Report of the Magistrate Judge and has determined that this Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Government's motion to dismiss (docket no. 6) be and hereby is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that the Movant Rocky Self's motion to vacate or correct sentence is hereby GRANTED to the extent that Self should receive an out-of-time appeal, as set forth by the Fifth Circuit in Tapp v. United States. It is further

ORDERED that in all other respects, the Movant's motion to vacate or correct sentence is DENIED. Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 17 day of **September, 2007.**

_____
Thad Heartfield
United States District Judge