IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROCKY SELF | § | |
| v. | § | CIVIL ACTION NO. 9:06cv248 |
| | | (Crim. No. 9:05cr11) |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

The Movant Rocky Self filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 asserting that his attorney was ineffective for failing to file a notice of appeal after being instructed to do so.

The procedure for providing a criminal defendant with an out-of-time appeal is set out in <u>United States v. West</u>, 240 F.3d 456 (5th Cir. 2001). In that case, the Fifth Circuit stated that when leave to file an out-of-time appeal in a criminal case is granted, the district court should *reinstate the criminal judgment* to trigger the running of a new Rule 4(b) appeal period. Citing <u>Mack v. Smith</u>, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981), the Court explained that

> [If the petitioner] proves his [Section 2255] claims to the satisfaction of the district court, the 2255 petition is to be dismissed without prejudice. [The] judgment of conviction is then to be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run.

<u>West</u>, 240 F.3d at 459. The Court went on to explain that this judgment-reinstatement procedure, including the dismissal of the Section 2255 proceeding without prejudice, should be followed by the courts in the Fifth Circuit in all cases involving out-of-time direct criminal appeals.

That procedure, set out by the Fifth Circuit in <u>West</u>, should be applied in this case. It is accordingly

ORDERED that the Memorandum Opinion and Final Judgment in this case dated September 17, 2007 (docket no.'s 12 and 13), are hereby WITHDRAWN and VACATED. For purposes of clarification, the order of April 15, 2008, is also WITHDRAWN and VACATED. It is further

1

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED that the Clerk shall reinstate the judgment of conviction in Self's criminal case on the docket of that cause.  In other words, the Clerk shall re-enter the original judgment of conviction in the criminal case, as of the date of entry of the amended final judgment in this Section 2255 proceeding.  Self shall have **ten days from the date of reinstatement of the judgment of conviction in which to file a notice of appeal or motion under Rule 4(b)(4), Fed. R. App. Pro.** Finally, it is

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

   **SIGNED** this the 27 day of **May, 2008.**

_____
Thad Heartfield
United States District Judge